**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GINKO, LLC, | |
| Plaintiff, | Civil No. 1:24-cv-01279 |
| v. | |
| APPLE, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff Ginko LLC ("Ginko"), by and through its attorneys, for its Complaint against Defendant Apple, Inc. ("Defendant") alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, of Ginko's United States Patent No. 11,025,573 (the "'573 Patent") based on Defendant's manufacture, use, importation, offer for sale, and sale of devices in the United States that infringe the '573 Patent, including the Apple iPhone 16 Pro, iPhone 16, iPhone 15 Pro Max, iPhone 15 Pro, iPhone 15 Plus, iPhone 15, iPhone 14 Pro Max, iPhone 14 Pro, iPhone 14 Plus, iPhone 14, iPhone SE (2nd & 3rd Generation), iPhone 13 Pro Max, iPhone 13 Pro, iPhone 13 Mini, iPhone 13, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12 Mini, iPhone 12, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone XS Max, iPhone XS, iPhone XR (collectively, the "Infringing iPhones"), and Apple Watch Series 7, Apple Watch Series 8, Apple Series 9, Apple Watch Series 10, Apple Watch SE (2nd Generation), Apple Watch Ultra, and Apple Watch Ultra 2 (collectively, the "Infringing Watches"). Together, the Infringing iPhones and the Infringing Watches are known as the "Infringing Devices."

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has specific and general personal jurisdiction over Defendant in this district because of Defendant's presence in this judicial district. Defendant has availed itself of the laws of Texas. Defendant has derived substantial revenue from sales of the Infringing Devices in the State of Texas, and it has systematic and continuous business contacts with the State of Texas. Ginko's claims arise out of and relate to, in part, Defendant's contacts with the State of Texas. Defendant conducts business within the State of Texas and has a registered agent in Texas.

4.      Venue is proper in this judicial district pursuant to 28 USC §§ 1391(b) and 1400(b). Defendant has committed acts of infringement in this district and has regular and established places of business in this district.

5.      Defendant's regular and established places of business in the Western District of Texas include a 3-million square-foot campus on one hundred and thirty-three acres in Austin, which is in the process of being built.[1] The campus will employ at least 5,000 employees with job functions ranging from engineering, R&D, operations, finance, sales, and customer support.[2]

---

[1]*Apple expands in Austin* (Nov. 20, 2019), https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/

[2]*Apple to build new campus in Austin and add jobs across the US* (Dec. 13, 2018), https://www.apple.com/newsroom/2018/12/apple-to-build-new-campus-in-austin-and-add-jobs-across-the-us/ ; *See also Careers at Apple*, https://www.apple.com/careers/us/work-at-apple/austin.html (last visited on Jul. 17, 2024).

6.      The new 1 billion-dollar Apple campus is less than a mile from existing facilities, including another campus that includes Apple's Americas Operation Center.[3]

7.      Defendant has retail stores in the Western District of Texas in Austin, El Paso, and San Antonio.[4]

## PARTIES

8.      Ginko is a Michigan corporation with its principal place of business at 3523 Oak Knoll Drive, Brighton, MI.

9.      Defendant is incorporated in California and has regular and established places of business in this judicial district.

## FACTS

A.      **The '573 Patent**

10.     United States Patent 11,025,573 (the "'573 Patent"), entitled "Method and Apparatus for Data Sharing," was duly and legally issued on June 1, 2021, and named Ronald Czajka and Sam Attisha as the inventors (the "Inventors"). Attached as Exhibit 1 is a true and accurate copy of the '573 Patent.

11.     Ginko is the assignee of the entire right, title, and interest in the '573 patent.

12.     The '573 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

B.      **Defendant's Infringing Activities and Products**

---

[3] Aquila, *Apple's Austin Offices & Headquarters: History, Details & Predications* (Feb. 26, 2019), https://aquilacommercial.com/learning-center/apple-austin-offices-headquarters-history-details-predictions/
[4] *Apple Retail Stores, United States*, https://www.apple.com/retail/storelist/ (last visited on Jul. 17, 2024).

13.    Defendant has and continues to infringe the '573 Patent by making, using, selling, and/or offering for sale the Infringing Devices in the United States, including this judicial district, and importing into the United States the Infringing Devices that are sold in this judicial district.

14.    The products that are the subject of this Complaint (the "Infringing Devices") include the Apple iPhone 16 Pro, iPhone 16, iPhone 15 Pro Max, iPhone 15 Pro, iPhone 15 Plus, iPhone 15, iPhone 14 Pro Max, iPhone 14 Pro, iPhone 14 Plus, iPhone 14, iPhone SE (2nd & 3rd Generation), iPhone 13 Pro Max, iPhone 13 Pro, iPhone 13 Mini, iPhone 13, iPhone 12 Pro Max, iPhone 12 Pro, iPhone 12 Mini, iPhone 12, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone XS Max, iPhone XS, iPhone XR, and Apple Watch Series 7, Apple Watch Series 8, Apple Series 9, Apple Watch Series 10, Apple Watch SE (2nd Generation), Apple Watch Ultra, and Apple Watch Ultra 2.

15.    The "NameDrop®" feature was made available to the Infringing iPhones through the iOS 17 update, which was released on September 18, 2023.[5]

16.    The "NameDrop®" feature was made available to the Infringing Watches through the watchOS10.1 update, which was released on October 25, 2023.[6]

---

[5] *iOS 17 is available today,* APPLE NEWSROOM (Sep. 18, 2023), https://www.apple.com/newsroom/2023/09/ios-17-is-available-today/.
[6] *watchOS 10 is available today*, APPLE NEWSROOM (Sep. 18, 2023), https://www.apple.com/newsroom/2023/09/watchos-10-is-available-today. *See also* Hall, *watchOS 10.1 for Apple Watch now available with double tap gesture and NameDrop,* 9TO5MAC (Oct. 25, 2023, 10:03 AM), https://9to5mac.com/2023/10/25/watchos-10-1-release.

17. The "NameDrop®" feature "allows users to easily share contact information by simply bringing their iPhone devices together or by bringing an iPhone and Apple Watch together."[7]

18. The Infringing Devices have a processor and a memory. These devices identify, receive, send, and process user contact data that is shared between Infringing Devices in a network.

19. The Infringing Devices' memory have computer-executable instructions.

20. The NameDrop® feature is performed when a primary user holds their user device, an iPhone or Apple Watch, a few centimeters from the top of a different user's iPhone or Apple Watch. "A glow will emerge from both devices and Apple Watch vibrates to indicate a connection is being made." The primary user and the other user continue to hold the devices near each other until NameDrop® appears on both screens. Once NameDrop® is activated, a user is prompted with instructions to choose to share their contact card and receive the other person's contact card, or to only receive the other person's contact card.[8]

21. Defendant's Infringing Devices identify a potential contact for the primary user via their user device. The potential contact's device receives a request for the primary user to become a contact. Based on the primary user's input of permitted information to share, the primary user's device sends a communication to the potential contact to initiate a data exchange. If the potential contact accepts the communication, the users become contacts with each other.

---

[7] *Secure AirDrop and NameDrop*, APPLE SUPPORT (Jan. 10, 2024) https://support.apple.com/guide/personal-safety/secure-airdrop-and-namedrop-ips7d84d2cdc/web.

[8] *iPhone User Guide, Use NameDrop on iPhone to share your contact info*, APPLE SUPPORT https://support.apple.com/guide/iphone/namedrop-iphone-share-contact-info-iph1b6c664b7/ios (last visited on Jul. 17, 2024).

22.     NameDrop®, which is an AirDrop feature[9], uses Bluetooth Low Energy (BLE) and peer-to-peer Wi-Fi technology to send files and information to nearby devices.[10]

23.     The peer-to-peer network used in NameDrop® allows for a nearby device to be identified as a potential contact based on location data within a fixed proximity. After a nearby device is detected, it must be in the appropriate trigger location determined by the location and orientation of the device.

24.     Defendant has been infringing and is inducing infringement of the '573 Patent by actively and knowingly inducing purchasers and owners of Infringing Devices to make, use, sell, offer for sale, or import the Infringing Devices that infringe the '573 Patent.

25.     The Infringing Devices infringe at least claims 10, 11, and 14 of the '573 Patent.

26.     Upon information and belief, future iterations of the Infringing Devices will infringe the '573 Patent.

## <u>COUNT I</u>

(Infringement of the '573 Patent)

27.     Ginko repeats and realleges each of the preceding paragraphs as though fully set forth herein.

28.     Defendant has been and is infringing the '573 Patent, including at least claims 10, 11, and 14, by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Infringing Devices in violation of 35 U.S.C. § 271(a) through (c).

---

[9] *Secure AirDrop and NameDrop,* PERSONAL SAFETY USER GUIDE FOR APPLE DEVICES (Jan. 10, 2024), https://support.apple.com/guide/personal-safety/secure-airdrop-and-namedrop-ips7d84d2cdc/web.
[10] *AirDrop Security,* APPLE PLATFORM SECURITY (Feb. 18, 2021), *https*://support.apple.com/guide/security/airdrop-security-sec2261183f4/web.

29.     Defendant's acts of infringement of the '573 Patent have caused and will continue to cause Ginko damages for which Ginko is entitled to compensation pursuant to 35 U.S.C. § 284.

30.     Defendant's acts of infringement of the '573 Patent have caused and will continue to cause immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Ginko has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Ginko, LLC requests judgment against Apple, Inc., as follows:

A.     Adjudging that Apple has infringed and has actively induced infringement of the '573 Patent, in violation of 35 U.S.C. § 271(a) through (c);

B.     Granting an injunction permanently enjoining Apple, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '573 Patent absent a license to Apple by Ginko;

C.     Ordering Apple to account and pay damages adequate to compensate Ginko for Apple's infringement of the '573 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.     Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

E.     If Discovery and Evidence in this matter so warrants, declaring this case exceptional and awarding Ginko its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

F.      Awarding such other and further relief as this Court deems just and proper.


Dated: October 24, 2024                    Respectfully Submitted,

                                           /s/ Michael C. Smith

                                           **SCHEEF & STONE LLP**

                                           Michael C. Smith
                                           State Bar No.: 18650410
                                           Michael.Smith@solidcounsel.com
                                           113 East Austin St.
                                           Marshall, TX 75670
                                           Phone: 903.938.8900

                                           **HUSCH BLACKWELL LLP**

                                           Rudolph A. Telscher, Jr.*
                                           rudy.telscher@huschblackwell.com
                                           8001 Forsyth Blvd, Suite 1500
                                           St. Louis, MO 63105
                                           314-380-1500 Telephone

                                           Jeffer Ali*
                                           Jeffer.Ali@huschblackwell.com
                                           80 South Eighth Street, Suite 4800
                                           Minneapolis, MN 55402
                                           612-852-3610 Telephone

                                           **THE SIMON LAW FIRM, P.C.**

                                           Anthony G. Simon*
                                           800 Market Street, Suite 1700
                                           St. Louis, Missouri 63101
                                           Phone: (314) 241-2929
                                           Fax: (314) 241-2029
                                           asimon@simonlawpc.com

                                           *Pro Hac Vice Forthcoming

                                           **Attorneys for Plaintiff Ginko, LLC**