**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GINKO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Civil No. 1:24-cv-01279-DAE<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF GINKO, LLC'S ANSWER TO DEFENDANT APPLE INC.'S COUNTERCLAIM TO GINKO, LLC's FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ginko LLC ("Ginko"), by and through its attorneys, hereby responds to the counterclaim of Defendant Apple, Inc. ("Defendant") contained within ECF No. 60 ("the Counterclaims") and asserts the following answers and defenses. The numbered paragraphs below restate the allegations in the Counterclaims for reference. Ginko also incorporates the headings in Defendant's Counterclaims for ease of reference, but denies any factual allegations contained within the headings. To the extent not specifically admitted or qualified in this Answer, all remaining allegations of the Counterclaims are denied.

**DEFENDANT'S COUNTERCLAIM FOR DECLARATORY RELIEF**

**NATURE OF THE ACTION**

1. This Counterclaim seeks a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Apple does not infringe any valid and enforceable claim of 11,025,573 (the "'573 Patent").

**ANSWER:** Ginko admits that Apple is seeking a declaration of noninfringement but denies that Apple's counterclaims have any merit.

2. Apple is a corporation organized under the laws of the State of California.

**ANSWER:** Upon information and belief based upon public information, Ginko admits that Apple is incorporated in California.

3. Based on paragraph 8 of the First Amended Complaint, Ginko is a Michigan corporation with its principal place of business at 3523 Oak Knoll Drive, Brighton, MI.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), the patent laws of the United States set forth at 35 U.S.C. §§ 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Admitted.

5. Personal jurisdiction over Ginko is proper because, inter alia, Ginko has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this judicial district.

**ANSWER:** For purposes of this action only, admitted.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

**ANSWER:** Admitted.

## COUNT ONE
## Declaration of Non-Infringement of the '573 Patent

7. Apple incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 – 6 of the Counterclaims above, inclusive.

**ANSWER:** Ginko incorporates and re-alleges its Answers to the allegations of paragraphs 1 – 6 of the Counterclaims above, as if fully set forth herein.

8. By virtue of Ginko's filing of the Complaint herein, an actual controversy exists between Apple and Ginko with respect to Apple's alleged infringement of the '573 Patent.

**ANSWER:** Admitted that an actual controversy exists between Apple and Ginko with respect to Apple's infringement of the '573 Patent.

9. Apple has not and does not infringe the '573 Patent, either directly or indirectly, literally, or under the doctrine of equivalents. For example and without limitation, as properly construed, the claims in the asserted patents are not practiced by Apple or the devices provided by Apple to its customers.

**ANSWER:** Denied.

10. Apple is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable claim of the '573 Patent.

**ANSWER:** Denied.

## JURY DEMAND

Ginko hereby demands a trial by jury on all issues triable as a matter of right by a jury.

## APPLE'S PRAYER FOR RELIEF

Ginko denies that Defendant is entitled to any relief whatsoever, whether as sought in Defendant's Prayer for Relief or otherwise, in its Counterclaims.

## GINKO'S DEFENSES

Without waiver, limitation, or prejudice, Ginko asserts the following defenses in response to the allegations contained in the Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Each cause of action set forth in Defendant's Counterclaims fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Patent Infringement)**

Defendant has infringed and continues to infringe U.S. Patent No. 11,025,573 for the reasons set forth in Ginko's First Amended Complaint.

**THIRD AFFIRMATIVE DEFENSE**
**(Patent Validity)**

U.S. Patent No. 11,025,573 is entitled to the statutory presumption of validity pursuant to 35 U.S.C. § 282 and is valid and enforceable.

**RESERVATION OF DEFENSES**

Ginko hereby gives express notice that it intends to rely upon any other defense available, now existing, or that may become available in this action, and hereby reserves the right to amend and/or supplement this Answer to assert any such defense. Ginko reserves all available defenses under Federal Rules of Civil Procedure, Rule 8(c), the Patent Laws of the United States, and any other defenses, at law and equity, which may be available now or in the future based on discovery or any other factual investigation in this case.

Dated: October 31, 2025

Respectfully Submitted,

*/s/ Michael C. Smith*

**SCHEEF & STONE, LLP**

Michael C. Smith
michael.smith@solidcounsel.com
113 E. Austin St.
Marshall, TX 75670
903-938-8900 Telephone

**HUSCH BLACKWELL LLP**

Rudolph A. Telscher, Jr.*
rudy.telscher@huschblackwell.com
8001 Forsyth Blvd, Suite 1500
St. Louis, MO 63105
314-380-1500 Telephone

Jeffer Ali*
Jeffer.Ali@huschblackwell.com
80 South Eighth Street, Suite 4800
Minneapolis, MN 55402
612-852-3610 Telephone

**THE SIMON LAW FIRM, P.C.**

Anthony G. Simon*
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
asimon@simonlawpc.com

**Pro Hac Vice*

***Attorneys for Plaintiff Ginko, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2025, I caused the foregoing to be filed electronically with the Clerk of the Court, and therefore served upon all counsel of record.

*/s/ Michael C. Smith*