JENNIFER J. LEE (CA Bar No. 203774)
Jennifer.lee@hushblackwell.com
HUSCH BLACKWELL
1999 Harrison St., Ste. 1300
Oakland, CA 94612
Telephone: (510) 768-0650

RUDOLPH A. TELSCHER, JR. (*pro hac vice pending*)
Rudy.telscher@huschblackwell.com
HUSCH BLACKWELL
8001 Forsyth Blvd., Ste 1500
St. Louis, MO 63105
Telephone: (314) 345-6227

JEFFER ALI (*pro hac vice pending*)
Jeffer.ali@huschblackwell.com
HUSCH BLACKWELL
80 South Eighth St., Ste. 4800
Minneapolis, MN 55402
Telephone: (612) 852-3610

ANTHONY G. SIMON (*pro hac vice pending*)
asimon@simonlawpc.com
JEREMIAH W. NIXON (*pro hac vice pending*)
jnixon@simonlawpc.com
W. BRET SULLIVAN (*pro hac vice pending*)
bsullivan@simonlawpc.com
THE SIMON LAW FIRM
1001 Highlands Plaza Dr., Ste. 300
St. Louis, MO 63110
Telephone: (314) 241-2929

*Attorneys for Plaintiff Ginko LLC*

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GINKO, LLC,

Plaintiff,

v.

APPLE, INC.; *et al.*,

Defendants.

Case No. 3:25-cv-11014-LJC

**AMENDED NOTICE OF DECISION BY THE PATENT TRIAL AND APPEAL BOARD DENYING INSTITUTION OF INTER PARTES REVIEW**

An amended notice is hereby given that on March 2, 2026, the United States Partent and Trademark Office entered a Decision denying institution of *Inter Partes* Review concerning the asserted patent in this action. A copy of the Notice of Decision is attached as Exhibit A and a copy of the Decision is attached as Exhibit B.

Dated: March 25, 2026

Respectfully submitted,

By: ______________________
Jennifer Lee
**HUSCH BLACKWELL LLP**
1999 Harrison St,
Oakland, CA 94612
Telephone: (612) 852-3610
Jennifer.Lee@huschblackwell.com

Rudolph A. Telscher, Jr.*
**HUSCH BLACKWELL LLP**
8001 Forsyth Blvd, Suite 1500
St. Louis, MO 63105
Telephone: (314) 380-1500
rudy.telscher@huschblackwell.com

Jeffer Ali*
**HUSCH BLACKWELL LLP**
80 South Eighth Street, Suite 4800
Minneapolis, MN 55402
Telephone: (612) 852-3610
Jeffer.Ali@huschblackwell.com

Anthony G. Simon*
Jeremiah W. Nixon*
W. Bret Sullivan*

**THE SIMON LAW FIRM, P.C.**
800 Market Street, Suite 1700
St. Louis, MO 63101
Telephone: (314) 241-2929
Facsimile: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com
bsullivan@simonlawpc.com

*Pro hac vice pending
*Attorneys for Plaintiff Ginko LLC*

# EXHIBIT A

Trials@uspto.gov
571-272-7822

Paper 13
Date: February 24, 2026

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

---

# NOTICE OF DECISIONS ON INSTITUTION

---

Before JOHN A. SQUIRES, *Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office*.

## NOTICE

Pursuant to 35 U.S.C. § 314(a), after review of discretionary considerations, institution of *inter partes* review is denied in the following proceedings:

| | | |
|---|---|---|
| IPR2025-01589 | IPR2026-00048 | IPR2026-00081 |
| IPR2025-01600 | IPR2026-00079 | IPR2026-00103 |
| IPR2026-00017 | IPR2026-00080 | |

Pursuant to 35 U.S.C. § 314(a), after review of discretionary considerations, the following proceedings will be reviewed for merits and non-discretionary considerations:

IPR2026-00049 IPR2026-00050

Pursuant to 35 U.S.C. § 314(a), after review of the merits, the petitioner has failed to show a reasonable likelihood of prevailing with respect to at least one of the claims challenged in the petition. Accordingly, institution of *inter partes* review is denied in the following proceedings:

IPR2025-01388[1] IPR2025-01442

Pursuant to 35 U.S.C. § 314(a), after review of the merits, the petitioner has shown a reasonable likelihood of prevailing with respect to at least one of the claims challenged in the petition, and no other non-discretionary considerations warrant denial of institution. Accordingly, institution of *inter partes* review is granted in the following proceedings:

IPR2025-01395 IPR2025-01512 IPR2025-01524

[1] Opinion forthcoming.

# EXHIBIT B

Director_DI@uspto.gov
571-272-7822

Paper 14
Date: March 2, 2026

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

---

APPLE INC.,
Petitioner,

v.

GINKO LLC,
Patent Owner.

---

IPR2025-01388
Patent 11,025,573 B1

---

Before JOHN A. SQUIRES, *Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office*.

DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314*

Apple Inc. ("Petitioner") filed a petition requesting review of claims 1, 3, 4, 6–12, 14, and 15 of U.S. Patent No. 11,025,573 ("the '573 patent"). Paper 1 ("Petition" or "Pet."). Ginko LLC filed a preliminary response. Paper 10. After considering the arguments presented and the record, and in view of all relevant considerations, denial of institution was appropriate in this proceeding. *See* Paper 13 ("Notice"), 2. This determination was based on the totality of the evidence and arguments presented, only a select portion of which I discuss in the following opinion identified as forthcoming in the Notice. *See id.*

As explained below, Petitioner does not sufficiently show that the asserted prior art discloses the subject matter of the challenged claims. Petitioner first asserts that independent claim 10 is unpatentable as obvious over U.S. Patent No. 8,380,796 (Ex. 1004, "Robertson"). Pet. 2, 5–28. Claim 10 recites, in part, "receiving, from the user device of the user, a request for the user to become a contact with the potential contact." Ex. 1001, 18:12–13. Claim 10 further recites "the request comprising a first permission setting." *Id* at 18:15. Petitioner contends that Robertson discloses this limitation. Pet. 15. Petitioner explains that, according to Robertson, "[t]he users are presented with GUI 600 [illustrated in Figure 9] that allows each user to set permission settings for the other user that defines the types of information each user can see about the other user." *Id.* at 15. According to Petitioner, as shown in GUI 600, "the first user selected permission levels 600-6, 600-10, 600-12, and 600-14 for the second user John Doe." *Id.* at 16. Petitioner asserts that "[t]he selected permission levels define a *first permission setting* for the second user." *Id.* at 16.

Petitioner's arguments are not persuasive. Petitioner fails to show that Robertson discloses that the request to become a contact with a potential contact includes a first permission level for the potential contact. In other words, Petitioner does not establish that any of the cited passages in Robertson disclose that the request includes a first permission setting. *See* Pet. 15–17 (citing Robertson, 7:42–45, 7:55–58, 8:10–17, 8:23–24, Fig. 9). In particular, each passage is silent as to when the permission levels are set. At most, Robertson discloses specifying permissions after contact has been established. *See* Robertson, 7:50–53. But Petitioner fails to account for the claim requirement that the first permission level is part of the request to establish contact. "In an [*inter partes* review], the petitioner has the burden from the onset to show with particularity why the patent it challenges is unpatentable." *Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1363 (Fed. Cir. 2016) (citing 35 U.S.C. § 312(a)(3) (requiring *inter partes* review petitions to identify "with particularity . . . the evidence that supports the grounds for the challenge to each claim")). Furthermore, Petitioner must explain with particularity how the prior art would have rendered the challenged claims unpatentable. 35 U.S.C. § 312(a)(3); 37 C.F.R. § 42.104(b)(4) ("The petition must specify where each element of the claim is found in the prior art patents or printed publications relied upon."). "The IPR petition, thus, must provide an understandable explanation of the element-by-element specifics of the patentability challenges, including the identification of particular portions of prior art on which the petitioner is relying." *Corephotonics, Ltd. v. Apple Inc.*, 84 F.4th 990, 1001 (Fed. Cir. 2023).

The remainder of Petitioner's challenges suffer from similar deficiencies throughout. *See, e.g.* Pet. 37–38 (failing to show that Ahuja (Ex. 1005) discloses that the request to become a contact includes a permission setting), 53, 68–69.

Accordingly, it is:

ORDERED that the Petition is *denied*, and no trial is instituted.

FOR PETITIONER:

Larissa S. Bifano
Joseph W. Wolfe
DLA PIPER LLP
larissa.bifano@us.dlapiper.com
joseph.wolfe@us.dlapiper.com

FOR PATENT OWNER:

Anthony G. Simon
THE SIMON LAW FIRM, P.C.
asimon@simonlawpc.com

Rudy Telscher
HUSCH BLACKWELL LLP
rudy.telscher@huschblackwell.com

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

# PROOF OF SERVICE

***Ginko, LLC v. Apple, Inc., et al.,***
USDC NORTHERN DISTRICT OF CALIFORNIA CASE NO.3:25-cv-11014VC

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Alameda, State of California. My business address is 1999 Harrison St., Suite 1300, Oakland, CA 94612.

On March 27, 2026, I served true copies of the following document(s) described on the interested parties in this action as follows:

**AMENDED NOTICE OF DECISION BY THE PATENT TRIAL AND APPEAL BOARD DENYING INSTITUTION OF INTER PARTES REVIEW**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 27, 2026, at Oakland, California.

/S/ Rose Manabat
ROSE MANABAT