UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINKO, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br><br>      Defendant. | Case No. 25-cv-11014-VC<br><br>**ORDER GRANTING APPLE'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 95 |

Apple's motion for judgment on the pleadings is granted. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

Ginko asserts that Apple has infringed claims 10, 11, and 14 of its patent, which relates to the sharing of contact information between digital devices. Claim 10 recites a system by which two devices in a network can share selected contact information with each other through a sequence of digital "requests" and transmissions. Claims 11 and 14 incorporate an additional element into that system, limiting contact sharing to devices that are in the same location.[1]

These claims are invalid because they are directed to an abstract idea without a saving inventive concept. *See Alice Corp. v. CLS Bank International*, 573 U.S. 208, 217-18 (2014). Exchanging contact information between people is, at its core, an abstract idea. People have long exchanged contact information manually—verbally or in writing—without the use of a computer.

---

[1] Ginko argues that Apple's motion relies on a different construction of these claims than Ginko's and that the Court must adopt Ginko's construction or resolve the dispute before deciding the motion. Dkt. No. 112, at 7 (citing *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019)). But there is no dispute to resolve. Ginko has not proposed an alternative construction; Ginko's description of the claims is substantively identical to Apple's but uses jargon instead of plain language.

*See Broadband iTV, Inc. v. Amazon.com, Inc.*, 113 F.4th 1359, 1367 (Fed. Cir. 2024). As Apple illustrated in its motion, the two-party contact sharing contemplated by the patent is easily facilitated by humans in person. Dkt. No. 95, at 7-9. Ginko cannot patent an entire means of organizing human activity simply by automating it. *See Weisner v. Google LLC*, 51 F.4th 1073, 1083 (Fed. Cir. 2022). Even if it could, the claims' purely functional language, which lacks concrete specification as to *how* the contact sharing would occur, confirms that the patent is directed to an abstract idea. *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1356 (Fed. Cir. 2024). Ginko's proposal to implement its contact-sharing system using generic computing elements does not make its claimed invention any less abstract. *See Alice*, 573 U.S. at 221. Nor, as Ginko argues, do the patent's "claim-required sequence" or "permission setting": Asking for another person's contact information before being given it and choosing which contact information to share with the other party are necessary functions of any contact sharing.

This abstract idea is not saved by any "inventive concept." The claims do not provide sufficient detail on how the claimed invention would be put into practice, reciting only that it would use generic computing elements like a processor, a memory, and computer-executable instructions. *See Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1368 (Fed. Cir. 2015). When combined, each of those elements would "behave exactly as expected according to their ordinary use." *In re TLI Communications LLC Patent Litigation*, 823 F.3d 607, 615 (Fed. Cir. 2016). As explained above, the sequence in which the devices communicate with each other that the claims envision is hardly inventive; it roughly describes how individuals would exchange contact information in any circumstance. Dkt. No. 95, at 15. If the claims focused on a concrete improvement to underlying computer technology in a manner that facilitated easier, faster, or more effective contact sharing, this might be a closer call. But generically digitizing the process is not enough to transform this abstract idea into patent-eligible subject matter.

Even if Ginko is right that no one had yet discovered or used the claims' "ordered combination" at the time the patent was issued, that doesn't matter. *Alice*'s inventiveness inquiry asks whether the asserted claims are unique enough so as to monopolize only one manifestation of

an idea, not an idea itself. An invention that is not sufficiently inventive and is thus directed at ineligible subject matter is not patentable regardless of whether others had used the invention when the patent issued. *See Anonymous Media Research Holdings, LLC v. Roku, Inc.*, No. 24-cv-4171-VC, 2025 WL 2685621, at *2 (N.D. Cal. Sep. 12, 2025).

Invalidation of Ginko's patent claims at this stage is appropriate.[2] Even taking all Ginko's factual allegations as true and considering the additional allegations Ginko purports it would add if given the opportunity to amend, the claims would still be invalid. *See* Dkt. No. 112, at 15-17. Because no amendment to the complaint would cure the defects in the underlying patent, dismissal is with prejudice. *See Sanderling Management Ltd. v. Snap Inc.*, 65 F.4th 698, 706 (Fed. Cir. 2023).

**IT IS SO ORDERED.**

Dated: July 30, 2026

_____

VINCE CHHABRIA
United States District Judge

---

[2] While it's hard to imagine that any of the claims in Ginko's patent are valid, this case implicates only claims 10, 11, and 14.